UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRONTIER COMMUNICATIONS CORPORATION, f/k/a CITIZENS COMMUNICATIONS COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BARRETT PAVING MATERIALS, INC., et al.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 7-113-B-S<br>)<br>)<br>)<br>) |

REPORT OF TELEPHONE CONFERENCE
AND ORDER

I held a telephone conference at Bangor, Maine, on Friday, October 17, 2008, commencing at 11:00 a.m. and concluding at 12:15 p.m., with the following counsel participating:

Martha Gaythwaite, Esq. and John Hahn, Esq. for Plaintiff

Gregory A. Bibler, Esq. for Defendant Honeywell

John Fehrenbach, Esq. for Defendants Guilford Transportation and
            Maine Central Railroad Co.

Perry Rosen, AUSA, for Defendant U.S. Army Corps of Engineers

Robert S. Frank, Esq. for Defendant Dead River

John H. Grady, Esq. for Defendant Centerpoint

Samuel W. Lanham, Jr., Esq. for Third Party Defendant Speirs

John P. McVeigh, Esq. for Defendant Barrett Paving

Jeffrey A. Thaler, Esq. for Defendant Beazer East

E. Tupper Kinder, Esq. for Defendant UGI Utilities

I held this conference with counsel to discuss the joint proposed scheduling order filed by plaintiff (Doc. No. 80) and proposed scheduling order filed by defendants Centerpoint and UGI Utilities (Doc. No. 82). The case will be assigned to the Complex Track. I noted, and Frontier agreed, that its deadline to amend the Complaint has expired and no amendments have been offered. After discussion I decided that the parties will proceed to mediation and that by October 24, 2008, the parties will notify this court as to the mediator and the date of the mediation. Depending upon the chosen mediator's availability (or mediators' availability, as the parties may engage in two separate mediation tracks and I have no objection to that course), the deadline by which the mediation will be completed will be February 15, 2009. Essentially, subject to the minor exceptions noted below and those previously addressed, all deadlines relating to finalizing the pleadings or the parties to this litigation or engaging in formal discovery, including initial disclosures, will not occur until after the mediation has been completed and until after the parties who still remain in the litigation have had an opportunity to have "early" dispositive motions finally resolved. In order to minimize discovery expense and expensive motion practice and maximize the parties' efforts to resolve this matter through alternative dispute resolution I entered the following orders:

    1. <u>Consent Decree</u>. Plaintiff will file a motion in 02-cv-183, the underlying now closed case, requesting a conference be held with Chief Judge Singal on or after November 10, 2008. The State of Maine will receive notice of that of motion as it is an Intervenor in 02-cv-183 and the court has retained jurisdiction of the consent decree in that case. The conference with Chief Judge Singal will only be needed <u>if</u> the State of Maine has not yet moved to intervene in this case by the November 10, 2008, date. The parties who have reached settlement in this case wish to consummate that settlement in a consent decree and that can only proceed when the State has

joined this litigation. Thus, the need for the November 10 conference only if the State of Maine has not moved to intervene and filed the consent decree in this action by that date. The timing of this matter is intended to have the consent decree in this case finalized by the time the remaining parties have completed the court ordered mediation.

     3. Name Change. Within Doc. No. 79, plaintiff's Amended Corporate Disclosure is a request to alter the caption of this case to reflect the change in corporate name. The clerk docketed that request as a "motion to substitute party." (Doc. No. 84). This motion is terminated as no new party is being substituted. The Clerk is instructed to change the caption so that the plaintiff's name is reflected as Frontier Communications Corporation f/k/a Citizens Communications Corporation.

     4. Informal Production. Plaintiff shall provide all relevant documents in its possession relating to the so-called "Bestfoods" corporate structure defense applicable to UGI and Centerpoint and shall do so by December 1, 2008.

     5. Early Dispositive Motions. On or before March 2, 2009,(following the completion of mediation) the remaining parties shall file all motions to dismiss and any other dispositive motions that do not require additional formal discovery to be resolved[1], including any motions to dismiss that a party may wish to renew. The timing of responses shall be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

     6. Answers and Amendment Deadlines. No later than 30 days following final resolution of those dispositive motions filed on or before March 2, 2009, any remaining party who has not yet answered shall file its answers and those parties who have previously filed answers shall file amended pleadings, if any, that contain all claims, counterclaims, cross-claims, or third-party claims. Any claim not asserted by this date will be deemed waived. The parties shall file all answers,

---

[1] UGI and Centerpoint will make their own determination as to whether they are prepared to file a Rule 56 motion on the "Bestfoods" issue by this March deadline.

responses, and replies to these answers/amended pleadings within the time period allowed under the Federal Rules of Civil Procedure.

7. <u>Robinson Speirs Deposition.</u>  Although discovery is not proposed to commence until after resolution of the early dispositive motions, the parties have agreed that the deposition of Robinson Speirs will take place on October 30, 2008 at 10 am as authorized by the Report of Telephone Conference and Order dated September 17, 2008.

8. <u>Further Scheduling Conference</u>.  No later than 30 days following final resolution of the early dispositive motions in this case the remaining parties shall confer and then contact me regarding a further status conference to discuss the scheduling order that will govern the remaining formal discovery in this action, including the formal exchange of meaningful initial disclosures.  I indicated to the parties that the discovery order will consist of one unified scheduling order to cover all the remaining parties to the litigation, including UGI and Centerpoint, and the length of the discovery period will be approximately the length anticipated by the joint proposed scheduling order. Of course, the final dates will be dependent upon the length of time needed to resolve the early dispositive motions, but the form of this scheduling order will be akin to the joint proposed order submitted in anticipation of this conference.

<u>CERTIFICATE</u>

This report fairly reflects the actions taken at the hearing and shall be filed forthwith. Any objections to this report shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

October 17, 2008				/s/ Margaret J. Kravchuk
						U.S. Magistrate Judge