IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| CITY OF BANGOR, MAINE, | ) | |
| Plaintiff, | ) | Civil Action No. 02-183-B-S |
| v. | ) | |
| CITIZENS COMMUNICATIONS COMPANY, | ) | |
| Defendant & Third-Party Plaintiff, | ) | |
| v. | ) | |
| BARRETT PAVING MATERIALS, INC., *et al.*, | ) | |
| Third-Party Defendants. | | |

## DEFENDANT AND THIRD-PARTY PLAINTIFF CITIZENS COMMUNICATIONS COMPANY'S DESIGNATION OF EXPERT WITNESS GEORGE P. BAKER, Ph.D.

NOW COMES Defendant Citizens Communications Company ("Citizens") and, pursuant to this Court's Amended Scheduling Order of November 7, 2003, submits the following designation of expert witness.

George P. Baker, Ph.D.
Harvard Business School
Mellon A4-4
Boston, MA  02163

**Summary of Expert Opinions and Supporting Grounds:**

Citizens expects that Dr. Baker will rely upon the following materials in forming his opinions:

1. Discovery materials disclosed by the City of Bangor, UGI Utilities, Inc. and Centerpoint Energy Resources Corp., including financial and operational data for

Bangor Gas Light Company ("BGLC", also known as Bangor Gas Company), American Gas Company, United Gas Improvement Company ("UGI") and American Gas & Power Company;

2. Documents publicly available at the Maine Public Utility Commission, including correspondence and reports;

3. Documents publicly available at the U.S. Securities and Exchange Commission, including testimony and findings and opinions;

4. Documents publicly available at the U.S. Federal Trade Commission, including FTC and congressional committee reports;

5. Various newspaper articles concerning the ownership, management and operations of BGLC and the Bangor manufactured gas plant ("MGP") facility;

6. Relevant entries from various editions of Brown's Directory of American Gas Companies, Moody's Manual of Investments and Poor's Manual of Public Utilities;

7. Summaries of officers and directors for BGLC, American Gas Company, UGI, American Gas & Power Company and Public Utilities Management Corporation;

8. Historical materials describing the business and operation of manufactured gas plants;

9. Contemporary materials dealing with the historical business and operation of manufactured gas plants;

10. MGP property records;

11. Materials discussing events surrounding the passage of the Public Utilities Holding Company Act of 1935;

12. Other expert designations in this case; and

13. Various pleadings in this case.

Citizens expects that Dr. Baker will offer the following opinions:

I.      During the period from approximately 1901 to approximately 1925, American Gas Company ("American Gas") disregarded the separate corporate identity of, and exercised extensive control over, its wholly-owned subsidiary Bangor Gas Light Company.

- Upon acquisition of BGLC, American Gas officers and directors became officers, directors and managers of BGLC. Officers and directors of American Gas served as a majority of the officers and directors of BGLC throughout this period.

- American Gas exercised control over a range of details of the business of BGLC, from the most important to the trivial.

- American Gas acted in the stead of BGLC in making decisions concerning, among other things, plant expansion, accounting methods, purchase and sales, and insurance.

- American Gas engaged in irregular financial practices with respect to BGLC, which evidence that American Gas did not maintain a separate corporate identity from BGLC.

- American Gas did not observe corporate formalities in holding BGLC.

- During this period, there were irregularities in the corporate records for BGLC.

II.     During the period from approximately 1901 to approximately 1925, American Gas Company effectively operated the MGP facility that was the primary asset of Bangor Gas Light Company.

- American Gas made decisions with respect to operations, including plant expansion and management of the physical facilities, of the MGP.

- Decisions made by personnel at BGLC were subject to the approval of American Gas personnel.

III.　During the period from approximately 1925 to approximately 1928, The United Gas Improvement Company ("UGI") disregarded the separate corporate identity of, and exercised extensive control over, its wholly-owned subsidiary Bangor Gas Light Company.

- Upon acquisition of American Gas, UGI installed its own officers and directors at BGLC. Officers and directors of UGI served as a majority of the officers and directors of BGLC throughout this period.

- UGI exercised control over a range of details of the business of BGLC, from the most important to the trivial.

- UGI acted in the stead of BGLC in making decisions concerning, among other things, plant expansion, accounting methods, purchase and sales, and insurance.

- UGI engaged in irregular financial practices with respect to BGLC, which evidence that UGI did not maintain a separate corporate identity from BGLC.

- UGI and American Gas did not observe corporate formalities in holding BGLC.

- During this period, there were irregularities in the corporate records for BGLC.

IV.　During the period from approximately 1925 to approximately 1928, The United Gas Improvement Company effectively operated the MGP facility that was the primary asset of Bangor Gas Light Company.

- UGI and American Gas made decisions with respect to operations, including plant expansion and management of the physical facilities, of the MGP.

- UGI contracted to manage the operations of BGLC's MGP.

- Decisions made by the personnel at BGLC were subject to the approval of UGI personnel.

V.　During the period from approximately 1928 to approximately 1944, American Gas & Power Company ("American Gas & Power") disregarded the separate corporate identity of, and exercised extensive control over, its wholly-owned subsidiary Bangor Gas Light Company.

- Upon acquisition of BGLC, American Gas & Power officers and directors became managers of BGLC. Officers and directors of American Gas & Power served as a majority of the officers and directors of BGLC throughout this period.

- American Gas & Power and Public Utilities Management Corporation ("PUMC") exercised control over a range of details of the business of BGLC, from the most important to the trivial.

- American Gas & Power and PUMC acted in the stead of BGLC in making decisions concerning, among other things, plant expansion, accounting methods, purchase and sales, and insurance.

- American Gas & Power engaged in irregular financial practices with respect to BGLC, which evidence that American Gas & Power did not maintain a separate corporate identity from BGLC.

- During this period, American Gas & Power did not observe corporate formalities.

VI. During the period from approximately 1928 to approximately 1944, American Gas & Power effectively operated the MGP facility that was the primary asset of Bangor Gas Light Company.

- American Gas & Power and PUMC made decisions with respect to operations, including plant expansion and management of the physical facilities, of the MGP.

- American Gas & Power and PUMC each contracted to manage the operations of BGLC's MGP.

- Decisions made by personnel at BGLC were subject to the approval of American Gas & Power or PUMC personnel.

**Qualifications of the Witness:**

See attached resume.

**Testimony in the last four years:**

None.

**Publications in the last ten years:**

See attached resume.

**Compensation to be paid for study and testimony:**

Dr. Baker charges $475 per hour for his consulting work on this case.

Dated at Portland, Maine, this 2nd day of February 2004.

                                        Respectfully submitted,

                                        */s/ Martha C. Gaythwaite*
                                        Martha C. Gaythwaite
                                        MGaythwaite@FGWL-Law.com
                                        Bruce W. Hepler
                                        BHepler@FGWL-Law.com
                                        Attorneys for Defendant
                                        Citizens Communications Company

FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900

                                        Of counsel:
                                        John S. Hahn
                                        JHahn@MayerBrownRowe.com
                                        Jay C. Johnson
                                        JCJohnson@MayerBrownRowe.com

MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C.  20006-1101
(202) 263-3000

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date shown below, copies of the following document(s):

DEFENDANT, CITIZENS COMMUNICATION COMPANY'S, DESIGNATION OF EXPERT WITNESS GEORGE P. BAKER WITH RESPECT TO THIRD PARTY DEFENDANTS

were electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the attorney/parties of record who have registered as CM/ECF participants including those service attorneys noted in the Service Listing attached hereto.

Dated at Portland, Maine this 2nd day of February 2004.

Respectfully submitted,

*/s/ Martha C. Gaythwaite*
Martha C. Gaythwaite
MGaythwaite@FGWL-Law.com
Bruce W. Hepler
BHepler@FGWL-Law.com
Attorneys for Defendant,
Citizen's Communications Company

FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME 04112-4726
(207) 761-0900

2483.001 \ CITIZENS.Expert Desig.3rd Party.Baker.02-02-04.doc

SERVICE LISTING

AS OF: February 2, 2004

**1. BANGOR, MAINE, CITY OF**

WILLIAM B. DEVOE    wdevoe@eatonpeabody.com

W. SCOTT LASETER    slaseter@mckennalong.com


**2. BARRETT PAVING MATERIALS, INC.**

DAVID B. VAN SLYKE    dvanslyke@preti.com

JOHN P. MCVEIGH    jmcveigh@preti.com,


**3. BEAZER EAST, INC.**

JEFFREY A. THALER    jthaler@bssn.com  mlibby@bssn.com


**4. CENTERPOINT ENERGY RESOURCES, INC.**

LAURA M. EARL    learl@jonesday.com

CHARLES T. WEHLAND    ctwehland@jonesday.com

ALBERT D. STURTEVANT    adsturtevant@jonesday.com

DAVID S. SHERMAN    dshermanecf@dwmlaw.com


**5. CITIZENS COMMUNICATIONS COMPANY**

MARTHA C. GAYTHWAITE    mgaythwaite@fgwl-law.com  aprince@fgwl-law.com  hputterbaugh@fgwl-law.com

BRUCE W. HEPLER    bhepler@fgwl-law.com  gkent@fgwl-law.com

JAY C. JOHNSON    jcjohnson@mayerbrownrowe.com

**6. DEAD RIVER COMPANY**

ROBERT S. FRANK     frank@harveyfrank.com  lduval@harveyfrank.com  kmd@harveyfrank.com

CHARLES A. HARVEY     harvey@harveyfrank.com


**7. GUILFORD TRANSPORTATION INDUSTRIES, INC.**
**8. MAINE CENTRAL RAILROAD COMPANY**

FREDERICK J. BADGER     fbadger@rwlb.com

FREDERICK F. COSTLOW     fcostlow@rwlb.com


**9. HONEYWELL INTERNATIONAL, INC.**

GREGORY A. BIBLER     gbibler@goodwinprocter.com

ROBERT L. BRENNAN     rbrennan@goodwinprocter.com

SEAN MAHONEY     smahoney@verrilldana.com


10. **ROBINSON ET AL**

KEVIN M. CUDDY     kmc@cuddylanham.com  phiggins@cuddylanham.com


**11. UGI UTILITIES, INC.**

 DOUGLAS A. GRAUEL     dgrauel@nkms.com

JAY VARON     jvaron@foleylaw.com


**12. U.S. ARMY CORPS OF ENGINEERS – DEPT. OF JUSTICE**

STEPHEN E. CROWLEY     stephen.crowley@usdoj.gov

MICHELLE T. DELEMARRE     michelle.delemarre@usdoj.gov

Northwestern Growth Corporation – Dismissed
S.E. MacMillan Company, Inc. – Dismissed