# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

|  |  |
|---|---|
| FRONTIER COMMUNICATIONS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BARRETT PAVING MATERIALS, INC., et al., | ) ) ) ) |
| Defendants. | ) ) |

Docket no. 1:07-cv-113-GZS

## CONSENT DECREE

WHEREAS, on November 22, 2002, the City of Bangor ("City") filed a Complaint docketed as Case No. 02-cv-0183 against Frontier Communications Corporation ("Frontier"), formerly known as Citizens Communications Company, in the United States District Court for the District of Maine ("Court" or "District Court") under both the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), and the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1), as well as various State laws, regarding cleanup of the deposit of tar underlying a portion of the Penobscot River located in Bangor, Maine, known as Dunnett's Cove; and

WHEREAS, on December 24, 2002, Frontier filed an answer denying all of the material allegations set forth in the City's Complaint, and also filed a counterclaim against the City and third party claims against a number of other parties, including Dead River Company ("Dead River"); and

WHEREAS, Dead River subsequently filed a fourth party complaint against Robinson Speirs, Jr., Julie Ann Macmannis, Nancy S. Dawson, Elizabeth H. Speirs, Mary S. Price and Robinson Speirs (the "Speirs Defendants"); and

WHEREAS, Dead River its predecessors and successors, including the Speirs Defendants, have owned and/or operated various facilities for shipping, receiving and storing coal and other materials (the "Dead River Facility"); and

WHEREAS, the State of Maine is a sovereign State which owns the land underlying the Penobscot River in its sovereign capacity; and

WHEREAS, the Maine Department of Environmental Protection ("Department" or "DEP") (together with the State of Maine, the "Intervenors") is an agent of the State of Maine, established and existing under the authority of 38 M.R.S.A. § 341-A, which is charged with the responsibility of controlling pollution of air, water and land in Maine. Pursuant to the Maine Uncontrolled Hazardous Substance Sites Law ("Uncontrolled Sites Law"), DEP is specifically authorized to and directed to investigate and evaluate sites where hazardous substances have come to be located (38 M.R.S.A. § 1364(3)); to designate such sites as uncontrolled hazardous substance sites (38 M.R.S.A. § 1364(4) & 1365); and to take action to abate, clean up or mitigate the threats or hazards posed by uncontrolled hazardous substance sites (38 M.R.S.A. §§ 1364(5) & 1365); and

WHEREAS, on March 3, 2004, DEP issued an Uncontrolled Sites Designation in which DEP found that the tar deposit at the Site and/or the PAHs contained in the tar deposit in Dunnett's Cove are hazardous substances pursuant to the Uncontrolled Sites Law and that the Site is an uncontrolled hazardous substance site as that term is used in the Uncontrolled Sites Law and so designated the Site; and

WHEREAS, Frontier and the City negotiated a Consent Decree with the Intervenors ("2007 Consent Decree") that was entered by the District Court as a partial final judgment, and later a final judgment; and

WHEREAS, in the 2007 Consent Decree, the Intervenors agreed "to execute documents necessary to complete settlement of claims; and, as permitted by law, to grant protection from all contribution actions or claims related to the Site (including without limitation actions or claims by the State) to appropriate parties at the request of Citizens;" and

WHEREAS, the District Court authorized Frontier to file its claims against third party defendants, as well as claims assigned to Frontier by the City, which filing subsequently occurred in an action docketed as Case No. 07-cv-00113; and

WHEREAS, in the interest of resolving claims by the Intervenors against Dead River and the Speirs Defendants (hereinafter referred to, collectively, as "Settling Parties") for past and future response costs and injunctive relief, and for Natural Resource Damage, arising out of or related to the Site, and in the interest of fulfilling a condition to the effectiveness of the Settlement Agreement and Release among Frontier, the City, Dead River and the Speirs Defendants executed on June 10, 2009, the Settling Parties agree to entry of this Consent Decree; and

WHEREAS, the Court finds, and the Intervenors and the Settling Parties agree, that the Court has jurisdiction over this action; and

WHEREAS, the Intervenors and the Settling Parties, by and through their representatives, each have agreed to the entry of this Decree without any findings of law or fact and expressly waive any rights of appeal with respect to this Decree, if entered in the form executed by the Settling Parties; and

WHEREAS, the Court has considered the pleadings and representations of counsel for all Parties; and

WHEREAS, the Intervenors have determined, and the Court finds, this Decree to be a fair and reasonable disposition of the Intervenors' claims against Dead River and the Speirs Defendants;

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

## I. PARTIES

1. The Parties to this Decree are:
    - A. Dead River;
    - B. the Speirs Defendants;
    - C. DEP; and
    - D. the State of Maine.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the Parties consenting hereto pursuant to CERCLA, 42 U.S.C. § 9613(b), RCRA, 42 U.S.C. § 6972, and the Maine Uncontrolled Sites Law, 38 M.R.S.A. §§ 1365 and 1367.

3. Venue is proper in this district pursuant to CERCLA, 42 U.S.C. § 9613 and 28 U.S.C. § 1391.

### III.  DEFINITIONS

4. The following definitions shall apply in this Consent Decree:

A. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 *et seq*.

B. "2007 Consent Decree" means the Consent Decree entered by the District Court as a partial final judgment, and later a final judgment, in Case No. 02-cv-0183, *City of Bangor v. Citizens Communications Co*.

C. "Consent Decree" means this consent decree.

D. "DEP" or "Department" means the Maine Department of Environmental Protection.

E. "Effective Date" means the date this Decree is entered by the Court.

F. "Intervenors" means the State of Maine and DEP.

G "Natural Resource Damage" means physical injury to or destruction of, including the resulting loss of value of, land, fish, wildlife, biota, air, water, groundwater, drinking water supplies, and other such resources pursuant to sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601 and 9607; sections 101 and 311 of the Clean Water Act, 33 U.S.C. §§ 1251, 1321; and the Maine Uncontrolled Sites Law, 38 M.R.S.A. §§ 1361 *et seq*.

H. "Settling Parties" shall mean Dead River Company, Robinson Speirs, Jr., Julie Ann Macmannis, Nancy S. Dawson, Elizabeth H. Speirs, Mary S. Price and Robinson Speirs.

I. "Site" shall mean the tar deposit area underlying Dunnett's Cove in the Penobscot River, in Bangor, Maine as identified in the Court's findings of fact issued in Case No. 02-cv-0183, *City of Bangor v. Citizens Communications Co*., on June 27, 2006, as well as any additional area identified in DEP's Site Designation dated March 3, 2004.

J.   "Hazardous Substance" means any material identified as a hazardous substance pursuant to CERCLA, 42 U.S.C. § 9601 or 38 M.R.S.A. § 1362(1).

K.   "Site Contamination" shall mean Hazardous Substances, pollutants, or contaminants on, under or emanating from the Site, comprising tar, asphalt, petroleum hydrocarbons, polycyclic aromatic hydrocarbons ("PAHs") and other substances identified as constituents of concern at the Site in DEP's Uncontrolled Hazardous Substances Site Program Decision Document dated August 17, 2005, but shall not include any such substances that are spilled, discharged, emitted, or disposed of at the Site after the Effective Date of this Consent Decree.

### IV.  NO ADMISSION OF LIABILITY; COVENANT NOT TO SUE; RESERVATION OF RIGHTS

5.   <u>No admission of liability</u>.  This Consent Decree and actions taken pursuant to this Consent Decree do not constitute, nor shall they be construed as an admission of, any liability, wrongdoing, responsibility, or tortious or illegal conduct whatsoever as to any Settling Party, as such liability is disputed and denied.  This Consent Decree, its terms and provisions, as well as any discussions or other communications relating to this Consent Decree, past, present, or future, shall not be offered or received in evidence in any action or proceeding, whether legal, equitable or administrative, or utilized in any other manner whatsoever, as an admission or concession of liability, wrongdoing, responsibility or tortious or illegal conduct on the part of a Settling Party.  This Consent Decree may be admitted into evidence in any legal or administrative proceeding solely for the purpose of showing any party's obligation under the terms of this Consent Decree.

6.   <u>Full Satisfaction</u>.  Except as specifically provided in this Consent Decree, Intervenors agree that the payments to be made by the Settling Parties pursuant to Section V of

this Decree represent full satisfaction of Intervenors' claims against the Settling Parties related to Site Contamination, including any such claims against the Settling Parties, their parents, subsidiaries, successors and assigns, as well as their respective past, present, and future shareholders, officers, directors, employees, and agents ("Released Parties"), for any and all civil or administrative liability related to or arising from Site Contamination, including, but not limited to, liability under 38 M.R.S.A. §§ 1304(12), 1318-A, 1319-J, 1361 to 1371, sections 106 or 107 of CERCLA, 42 U.S.C. §§ 9606, 9607, sections 7002 or 7003 of RCRA, 42 U.S.C. §§ 6972, 6973, or other applicable laws, including common law, whenever such claims may have arisen or arise in the future.

       7.     <u>Intervenors' Release from Liability and Covenant Not to Sue or Take Administrative Action Against Settling Parties</u>.  In consideration of the payments to be made by the Settling Parties under Section V of this Decree, and except as specifically provided in this Decree, the Intervenors covenant not to sue or take administrative action against any of the Settling Parties concerning, and the Settling Parties shall be released from, any and all said civil or administrative liability, including but not limited to liability under 38 M.R.S.A. §§ 1304(12), 1318-A, 13I9-J, 1361 to 1371, sections 106 or 107 of CERCLA, 42 U.S.C. §§ 9606, 9607, §§ 7002 or 7003 of RCRA, 42 U.S.C. §§ 6972, 6973, or other applicable laws, including common law, related to Site Contamination, whenever such claims may have arisen or arise in the future.  These releases and covenants not to sue apply to each of the Released Parties. These releases and covenants not to sue shall take effect upon the Settling Parties' compliance with their obligations to make payments under Section V. These covenants extend only to the Released Parties and do not extend to any other entity.

8. <u>Reservation of Rights</u>.  The covenants not to sue set forth in the preceding paragraphs do not pertain to any matters other than those expressly specified therein.

A. <u>Inapplicability</u>.  The covenants not to sue set forth above do not apply as to any Settling Party related to any claims arising from criminal conduct by such party.  Nothing in this Consent Decree releases or is intended as a release or covenant not to sue for any claim or cause of action, administrative or judicial, civil or criminal, past or future, in law or in equity, which the Intervenors may have against any person, firm, corporation or other entity not a party to this Decree.

B. <u>Waivers and Reservations by the Settling Parties</u>.  Except as expressly set forth in this Decree, the Settling Parties expressly waive any and all claims they may have against the Intervenors with respect to any matter relating to Site Contamination, but unless otherwise waived, they reserve all rights and defenses that any of them may have in law or in equity for any claims or causes of action against any non-party to this Decree.

9. <u>Contribution Protection</u>. Upon the Effective Date of this Decree, each of the Settling Parties is entitled to protection from all contribution actions or claims for the matters addressed in this Decree, such that, to the extent provided by 42 U.S.C. §§ 9613 and 9622 and 38 M.R.S.A. § 348(4), none of the Settling Parties shall be liable for claims for contribution brought by any party, or for any claims whatsoever brought by any other potentially responsible party.

## V. **RESPONSIBILITIES OF SETTLING PARTIES**

10. <u>Payment by the Settling Parties to Frontier</u>. Within ten (10) days after the Effective Date, Dead River shall make a payment of $1,800,000 to Frontier on behalf of the Settling Parties.

11. As of the Effective Date, all claims against the Settling Parties shall be dismissed with prejudice, each party to bear its own costs.

## VI. **ADDITIONAL AGREEMENTS BY THE PARTIES**

12. <u>Enforcement and Subsequent Modification</u>. This Court shall retain jurisdiction for the purpose of enforcement of any terms of this Decree. Any modifications of this Consent Decree must be in writing.

13. <u>Separate Documents</u>. This Consent Decree may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

Dated and entered this 22nd day of July, 2009.

       /s/ George Z. Singal
     United States District Judge

**CONSENTED TO:**

**For Intervenors State of Maine and Maine Department of Environmental Protection:**

| | |
|---|---|
| Date: July 2, 2009 | /s/Janet T. Mills |
| | JANET T. MILLS |
| | Attorney General |
| | |
| | Mary M. Sauer |
| | Assistant Attorney General |
| | Office of the Attorney General |
| | 6 State House Station |
| | Augusta, Maine 04333-0006 |
| | 207-626-8579 |

**For Dead River Company:**

| | |
|---|---|
| Date: July 2, 2009 | /s/ Leslie Anderson |
| | Leslie Anderson |
| | Dead River Company |
| | 80 Exchange St. |
| | Bangor, ME 04402-1427 |
| | |
| | Robert Frank |
| | Harvey & Frank |
| | Two City Center, 4th Floor |
| | P.O. Box 126 |
| | Portland, ME 04112 |

**For Robinson Speirs, Jr., Julie Ann Macmannis, Nancy S. Dawson, Elizabeth H. Speirs, Mary S. Price and Robinson Speirs:**

| | |
|---|---|
| Date: July 2, 2009 | /s/ Samuel W. Lanham |
| | Samuel W. Lanham |
| | Lanham Blackwell, P.A. |
| | 470 Evergreen Woods |
| | Bangor, ME 04401 |