# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| FRONTIER COMMUNICATIONS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BARRETT PAVING MATERIALS, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 1:07-cv-00113-GZS |

## AFFIDAVIT OF MARTHA C. GAYTHWAITE

NOW COMES the undersigned, being duly sworn and states under oath as follows:

1. My name is Martha C. Gaythwaite and I am an attorney of record for the Plaintiff Frontier Communications in the above-referenced case.

2. On November 25, 2009, I served Interrogatories and Requests for Production of Documents to UGI. A copy of that discovery is attached to this Affidavit. I had previously served Interrogatories and Requests for Production on UGI in the related action, *City of Bangor v. Citizens Communications Company*, Civ. Action No. 02-183-B-S. That discovery was limited in scope and number by Order of the Court. Before UGI provided any substantive response to those discovery requests, the Court stayed discovery against the third parties in the related action.

3. The discovery served on November 25, 2009 contained some of the same requests and Interrogatories that had been served in the related action. In addition, the recent discovery requests seek additional information from UGI.

In particular, the recent discovery requests seek information concerning an apparent mortgage dated October 14, 1901 which concerns the Bangor Gas Light Company facility. The discovery seeks information from UGI concerning the circumstances surrounding the mortgage and any involvement by UGI's predecessor with respect to it.

4. The discovery also seeks information concerning the other MGP litigation that UGI cites in support of its Motion for Summary Judgment and which the Plaintiff needs in order to respond to the factual assertions made by UGI concerning these other MGP facilities.

5. After receiving substantive responses received from UGI, the Plaintiff intends to serve a Rule 30(b)(6) notice of deposition that specifies areas of inquiry that require further discovery.

6. I have retained Dr. George Baker to serve as an expert witness in this litigation. Dr. Baker is a professor at the Harvard Business School who specializes in the field of corporate governance. Dr. Baker has been provided documents concerning the Bangor Gas Light Company and its parent corporations. Based on that review, as well as on his education, background and training, Dr. Baker has formed the opinion that UGI's predecessor "disregarded separate corporate identities and exercised extensive control over its wholly owned subsidiary Bangor Gas Light Company." A copy of Dr. Baker's Expert Witness Designation which was filed and served on UGI in the related action, *City of Bangor v. Citizens Communications Company*, Civ. Action No. 02-183-B-S is attached to this affidavit and marked Exhibit A.

7. Once Dr. Baker has had the opportunity to review and consider discovery responses from UGI, the Plaintiff expects to designate Dr. Baker as an expert to offer opinions in accordance with the attached designation as supplemented by Dr. Baker's review of discovery responses from UGI.

8. Undersigned counsel believes in good faith that this discovery is needed to adequately respond to the Motion for Summary Judgment filed by UGI.

FURTHER, AFFIANT SAYETH NOT.

Signed under the penalties of perjury this 8th day of December 2009.

_____
Martha C. Gaythwaite

STATE OF MAINE
CUMBERLAND, ss.                                         December 8, 2009

Personally appeared the above-named Martha C. Gaythwaite, and made oath that the foregoing affidavit is true to her own personal knowledge or upon information and belief, and as to those matters based upon information and belief, she believes such information to be true.

Before me,

_____
Notary Public/Attorney-at-law
Printed Name:_____
Commission Expires:_____

GAIL M. ALMEIDA
NOTARY PUBLIC, MAINE
MY COMMISSION EXPIRES OCTOBER 6, 2013