UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

FRONTIER COMMUNICATIONS )
CORPORATION, )
 )
    Plaintiff, )
 )
v. )
 ) Civil Action No. 1:07-cv-00113-GZS
BARRETT PAVING MATERIALS, INC., *et al.*, )
 )
    Defendants.

## PLAINTIFF'S REQUEST FOR PRODUCTION TO UGI

The plaintiff, Frontier Communications Company, requests pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the following definitions and instructions that the defendant, UGI, produce for examination and/or copying the following materials which are within its possession, custody or control. UGI should produce all responsive materials to the offices of undersigned counsel, on or before thirty (30) days from the date shown below. If UGI objects to the production of any of the requested materials or asserts a privilege, each item that is responsive to the request should be identified by date, author, title, and a brief description of the contents. This request is ongoing and includes all documents and things that are responsive to this request and that come within the possession, custody or control of UGI at a future date. This request also includes documents and other things that are stored electronically including in e-mail or other electronic communication systems, and/or on tape or film.

### Instructions

1.     In complying with this Request for Documents and Things, UGI is required to produce all responsive documents that are in UGI's possession, custody, or control, whether held by UGI or UGI's past or present agent, employee, or representative



acting on UGI's behalf. UGI is also required to produce documents that UGI has a legal right to obtain, that UGI has a right to copy, or to which UGI has access, as well as documents that UGI has placed in the temporary possession, custody, or control of any third party.

2. This request is continuing in nature. Any document not produced because it has not been located or discovered by the return date shall be provided immediately upon location or discovery subsequent thereto with an explanation of why it was not located or discovered by the return date.

3. If UGI does not produce a responsive document and/or thing as a result of its asserting of a privilege or raising an objection to a request, please provide a privilege log which (1) identifies any and all responsive documents to which the privilege is asserted, (2) sets forth the date, type, addressee(s), author(s) (and, if different, the preparer and signatory), general subject matter, and indicated or known circulation of the document, and (3) states the privilege asserted in sufficient detail to ascertain the validity of the claim of privilege.

4. Production with respect to each document shall include all electronic versions and data files from email applications as well as from word processing, spreadsheet, or other electronic data repositories applicable to any attachments, and shall be provided in its native file format and shall include all original metadata for each electronic documents or data file.

### Definitions

1. The term "document" as used in this Request for Documents and Things includes all emails, memoranda, reports, agreements, notes, correspondence, files, records, and other documents, data or information in any form, whether physical or electronic, maintained on any digital repository or electronic media.

2. The terms "related" and "relating" with respect to any given subject, shall be construed broadly to mean anything that constitutes, contains, embodies, reflects,

identifies, concerns, states, refers to, deals with or is in any manner whatsoever pertinent to the subject.

3. The terms "including" and "includes," with respect to any given subject, shall be construed broadly so that specification of any particular matter shall not be construed to exclude any documents that might be responsive.

## Requests

1. Minutes of meetings of the Board of Directors of American Gas.
2. Correspondence from the President of American Gas to stockholders.
3. Documents relating in any way to the Bangor Gas Light Company.
4. Documents requested in the attached subpoena that have not been previously produced.
5. Documents referenced or relied on in responding to the Interrogatories from the Plaintiff to UGI.
6. Copies of any complaints alleging that UGI is responsible for contamination originating at a manufactured gas plant.
7. Copies of any complaints alleging that UGI owned and operated any manufactured gas plant.
8. Copies of any judgments, decisions or findings of fact relating in any way to whether UGI owned or operated any manufactured gas plant.
9. Copies of deposition or trial transcripts from any litigation in which it has been alleged that UGI owned and operated a manufactured gas plant and/or is responsible for contamination from a manufactured gas plant.
10. Tax returns of American Gas.
11. Documents relating in any way to the mortgage with Portland Trust signed by American Gas for the BGLC facility.

Dated at Portland, Maine this 25th day of November, 2009.

                                              Respectfully submitted,

                                              *Martha C. Gaythwaite*

                                              _____
                                              Martha C. Gaythwaite
                                              Attorney for Plaintiff,
                                              Frontier Communications Company
                                              FRIEDMAN GAYTHWAITE WOLF & LEAVITT
                                              Six City Center, P.O. Box 4726
                                              Portland, ME 04112-4726
                                              (207) 761-0900

Of Counsel:
John S. Hahn
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below, copies of the following document(s):

### PLAINTIFF'S REQUEST FOR PRODUCTION TO UGI

were served by first class mail upon:

> E. Tupper Kinder, Esquire
> Christopher D. Hawkins, Esquire
> NELSON, KINDER, MOSSEAU & SATURLEY, PC
> 99 Middle Street
> Manchester, New Hampshire 03101
> (603) 647-1800

Dated at Portland, Maine this 25th day of November 2009.

Respectfully submitted,

*Martha C. Gaythwaite*

_____
Martha C. Gaythwaite
Attorney for Defendant,
Citizens Communications Company

FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME 04112-4726
(207) 761-0900

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRONTIER COMMUNICATIONS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BARRETT PAVING MATERIALS, INC., *et al.*,<br><br>    Defendants. | )<br>)<br>) Civil Action No. 1:07-cv-00113-GZS<br>)<br>)<br>)<br>) |

## PLAINTIFF FRONTIER COMMUNICATIONS CORPORATION'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT UGI UTILITIES, INC.

NOW COMES THE PLAINTIFF, Frontier Communications Corporation, by and through counsel, Friedman Gaythwaite Wolf & Leavitt, and request that Defendant, UGI Utilities, Inc., hereinafter UGI, respond under oath to the following Interrogatories within thirty days of service in accordance with the Federal Rules of Civil Procedure:

The Interrogatories are intended to be understood in connection with the plain meaning of language used. If there is any question or ambiguity about the meaning of a word or question, a Definitions and Instructions section is appended at the end of these Interrogatories. The purpose of these questions is to gather information about UGI's handling or use of the tar or tar-like materials at the manufactured gas plant site in Bangor, Maine (hereinafter "the Facility"). If the person answering the questions is unclear about what is being requested or believes in good faith a question would be burdensome to answer, please contact undersigned counsel to discuss how the question can be made clearer or less burdensome.

## INSTRUCTIONS

These Interrogatories, propounded in accordance with Rule 33, are continuing. Supplemental answers may be required pursuant to Rule 26(e) of the Federal Rules of Civil Procedure in the event that you, your agents, attorneys, servants or employees obtain further information of the nature sought herein between the time answers are served and the time of trial. Further, if any information sought herein is not known to you but is known to your agents, attorneys or other persons acting on your behalf or if the information sought herein is obtainable by use of reasonable efforts, then you are required to provide said information in your answers to these Interrogatories.

To the extent that any Work Product Doctrine information or documentation is withheld as privileged, you are requested to provide a Privilege and Work Product Document Log, including

a. information identifying the information or documents withheld,

b. the date of the information or document,

c. the source of the information or document and/or parties to said communication,

d. whether the information or document reflects any inspection, view, review or examination of the Plaintiff or any other thing or document which is the subject matter of this action,

e. the basis for any Privilege and/or Work Product objection asserted, and

f. the current custodian of any held documents.

If you raise an objection with respect to an interrogatory, please identify in detail that portion of the interrogatory, which you deem objectionable and the precise basis for the objection.

## DEFINITIONS

For the purposes of these Interrogatories and your answers thereto, the following definitions shall apply:

a. "Person" shall mean the plural as well as the singular and shall include any natural person and any firm, corporation, association, partnership, joint venture, or other form of entity;

b. To "identify" a document shall mean to state with respect to the original and each copy thereof:

   1. The name of the person who prepared it;
   2. The name of the person who signed it or in whose name it was issued;
   3. The name of each person to whom it was addressed or distributed;
   4. The nature and substance of the writing with sufficient particularity to enable it to be identified;
   5. Its date, and if it bears no date, then the date it was prepared;
   6. Its physical location and the name and address of its custodian or custodians.

c. To "Identify" an oral communication shall mean to state with respect thereto:

   1. The name of each person who participated in the communication and the name of each person who was present at the time it was made;
   2. By whom each person was employed and whom each such person represented or purported to represent when making such communication;
   3. The date when such communication took place;
   4. The place when such communication took place;
   5. What each person said, or if not known, the substance thereof;

   6. The identification of each writing or recording pertaining to such oral communication.

d. To "identify" a person shall mean to state with respect thereto:

   1. His, her or its name and last known business address and, in addition, if a natural person, his or her last known residence address, and telephone number;

   2. The significance as to why the person was identified, including their involvement in the occurrence, their involvement as a witness or any other reason they were identified in response to these Interrogatories.

e. "Document" shall mean and include handwriting, sketch, drafting, typewriting, printing, photostatting, photographing, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether considered internal or external communications and whether or not claimed to be privileged against discovery on any ground.

f. To "describe" or "state in detail" shall mean to state in detail each and every act, omission, incident, event, condition, or circumstance, relating to the subject of the description.

g. "Communication," unless otherwise modified, shall mean both written and oral communication.

h. "You" is defined as meaning any person answering the interrogatories herein and his/her/its employees, agents, accountants, consultants, or attorneys, or any other person acting on his/her/its behalf or control.

4

i. "Expert" is defined as meaning any individual having specialized knowledge or expertise that has examined or evaluated the Plaintiff with respect to the condition which is the subject matter of this action and/or whom has been designated by any party to offer expert opinions regarding liability, causation or damages in this matter.

j. "Occurrence" is defined as the act, event, omission, incident, accident or other happening which forms the subject matter of this action.

k. "Tar" includes any tar-like liquid, solid or semi-solid material, including in isolation or in combination, road tar, road oil, tarmac, tarvia, coal tar, coal tar pitch, water gas tar, carbureted water gas tar, oil tar, roofing-tar, asphalt materials, cut-back asphalt, asphalt emulsions, asphalt cement, asphalt oil, hot oil and creosote, as well as any mixture of hydrocarbons produced as a by-product of the distillation of bituminous coal or the thermal cracking of petroleum for the purposes of producing gas in a manufactured gas plant or producing coke in a coke plant, or any tar - water mixtures or water - tar mixtures.

l. "Affiliate" includes any entity that, directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with another company.

## INTERROGATORIES

1. If Bangor Gas Light Company ("BGLC") and American Gas Company is now, or has been, during any period since 1901, owned or controlled by, whether directly or indirectly, or is otherwise affiliated with another corporation or business entity, including but not limited to UGI Corporation or UGI Utilities, Inc. or (collectively "UGI") or a predecessor or affiliate of UGI then:

5

     a.     Describe in detail the nature of such relationship, including the dates of such relationship;

     b.     Describe the percentage of ownership of BGLC that is or was held by such other entity;

     c.     Identify all parent, subsidiary and affiliated entities by providing the name, address, registered agent and state of formation for each entry;

     d.     Identify all subsequent parent, subsidiary and affiliated entities by providing the name, address, registered agent and state of formation for each entity;

     e.     Describe all activities and operations at the Facility undertaken by any such entity including dates of operation and names of operators; and

     f.     Identify all persons, including the Respondent's employees, who may have any knowledge or information about the generation, use, purchase, treatment, storage, disposal, arrangement for disposal, or other handling of materials at, or transportation of materials to the Facility.

2.     Identify all transactions related to ownership or operation of the Facility.

3.     Describe all activities and operations at the Facility undertaken by you, your corporate affiliates, agents, assigns, tenants, or employees.

4.     Describe the generation, use, purchase, sale, treatment, storage, disposal, arrangement for disposal, releases at or from, or other handling of materials at, or transportation of materials to or from the Facility, including tar sales during the period when UGI or any affiliate had an interest in the Facility. List all materials, dates of use, maximum and average volumes generated, used, purchased, sold, treated, stored, disposed, arranged for disposal or handled for each year.

5. State all facts upon which UGI bases its contention that UGI is not liable because any release or threat of release of a hazardous substance was caused by the acts or omissions of a third party.

6. State all facts upon which UGI bases its contention that there has been no release or substantial threat of release of hazardous substances which was connected to UGI or any party for whose actions UGI is responsible.

7. Identify any claims or judicial determinations that UGI is or was the successor to any entity owning, operating, or managing a manufactured gas plant, including any claims with respect to tar or tar-like materials, and state the nature of the claim, who brought it, its resolution and, if not resolved, its present status.

8. State all facts upon which you base your contention that UGI is not liable because UGI adhered to standards, practices and procedures and employed technology that were state-of-the-art.

9. Identify all facts, circumstances and conditions existing at the Manufactured Gas Plant that UGI alleges Third Party Plaintiff should have been aware of and therefore assumed the risk and liabilities that arose therefrom.

10. If you disagree with the assertion that American Gas Company disregarded the separate corporate identity of, and exercised extensive control over, its wholly-owned subsidiary Bangor Gas Light Company, explain the factual basis for this disagreement.

11. If you do not agree that UGI contracted to manage the operations of the Facility, explain the factual basis for this disagreement.

12. If you do not agree that decisions made by personnel at the Facility were subject to the approval of UGI personnel, explain the factual basis for this disagreement.

13. If you do not agree that UGI exercised control over decisions concerning the Facility (e.g., plant expansion, accounting methods, purchase and sales, insurance) state the factual basis for your disagreement.

14. If you do not agree that UGI failed to observe corporate formalities with respect to the Bangor Gas Light Company, explain the factual basis for your disagreement.

15. State whether you agree that the documents provided by UGI to Citizens and/or any other party to this proceeding or any related proceeding in response to a subpoena, with the initial and supplemental discovery disclosures, or in response to any other request for documents, constitute business records as defined by Rule 803(6) of the Federal Rules of Evidence (i.e., they were created at or near the time of the reported event by a person with knowledge as part of a regularly conducted business activity). If you do not agree that any of the documents are business records, identify the records and state the basis for your disagreement.

16. List the name and location of all manufactured gas plant facilities owned or operated by UGI and the dates of the ownership and operation.

17. List the name and location of all manufactured gas plant facilities owned or operated by a predecessor or affiliate of UGI, and state the name of that entity, and the dates of the ownership and operation.

18. Identify every instance in which a claim has been made against UGI alleging that it is responsible for contamination from a manufactured gas plant by providing the name of the entity making that claim and the location of the manufactured gas plant that was the subject of the claim and state how that claim was resolved.

19. Identify every lawsuit that has been filed against UGI alleging that it owned and operated a manufactured gas plant by stating the caption and docket number of the case and the court in which it was filed and state how the litigation was resolved.

20. State how much revenue American Gas or a predecessor or affiliate company received directly or indirectly from the BGLC facility and the years in which it was received.

21. Identify all written contracts between American Gas or a predecessor or affiliate company and BGLC by providing the date of the agreement and who drafted them.

22. Identify the corporate resolve that authorized American Gas to sign the mortgage for the BGLC facility with Portland Trust in 1901.

23. Identify all communications between BGLC and American Gas concerning the mortgage.

24. Identify whether there were any revisions to the mortgage.

25. State when and how the mortgage was paid and the source of the payments.

26. Identify the names and titles of all officers, directors, and/or managers of BGLC who, at the same time, were also officers, directors, superintendents, and/or managers of American Gas Company or UGI, including their parents, subsidiaries, affiliated entities, or predecessors.

27. Identify all instances, including the employees names, titles, companies, and locations, in which American Gas Company or UGI, including their parents, subsidiaries, affiliated entities, or predecessors, directed the relocation or reassignment of officers, directors, superintendents, or other managers from or to BGLC.

28. Describe in detail the involvement of UGI, including, but not limited to, its design and construction affiliate known as the United Engineers and Constructors, in any construction, operation, or management of any additional equipment or modified equipment or related facilities of the BGLC manufactured gas plant at any time, including, but not limited to the facility improvements made on or about 1929 and 1930 for the American Gas and Power Company.

Dated at Portland, Maine this 25th day of November, 2009.

Respectfully submitted,

*Martha C. Gaythwaite*
_____
Martha C. Gaythwaite
Attorney for Plaintiff,
Frontier Communications Company
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME 04112-4726
(207) 761-0900

Of Counsel:
John S. Hahn
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C.  20006
(202) 263-3000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below, copies of the following document(s):

**FIRST SET OF INTERROGATORIES PROPOUNDED
UPON DEFENDANT, UGI UTILITIES, INC.**

were served by first class mail upon:

        E. Tupper Kinder, Esquire
        Christopher D. Hawkins, Esquire
        NELSON, KINDER, MOSSEAU & SATURLEY, PC
        99 Middle Street
        Manchester, New Hampshire 03101
        (603) 647-1800

Dated at Portland, Maine this 25th day of November 2009.

                              Respectfully submitted,

                              *Martha C. Gaythwaite*
                              _____
                              Martha C. Gaythwaite
                              Attorney for Defendant,
                              Citizens Communications Company

FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME 04112-4726
(207) 761-0900