UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

FRONTIER COMMUNICATIONS CORPORATION,           )
                                               )
    Plaintiff,                                )
                                               )
v.                                             )   Civil Action No. 07-cv-113
                                               )
BARRETT PAVING MATERIALS, INC., et al.,        )
                                               )
    Defendants.                               )
                                               )

**DEFENDANT UGI UTILITIES INC.'S REPLY STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 56(b), Defendant, UGI Utilities, Inc. ("UGI"), by and through its counsel of record, respectfully submits this reply statement of material facts in response and opposition to Plaintiff Frontier Communications Corporation's ("Frontier") Opposition to its Motion for Summary Judgment (Document #183) and Opposing Statement of Material Facts (Document #184).

Additional Facts

1. Admitted.

2. Admitted.

    A. Facts Material to Direct Operator Liability

3. Admitted. UGI assumes that the reference to American Gas and Power "AGP" is in error and that Frontier intended to refer to American Gas Company of New Jersey ("AGCNJ"). The cited documents do refer to BGLC as one location within American Gas Company of New Jersey's "gas division". (UGIII 0316A - UGIII 0334). However, this was simply a manner for AGCNJ to identify its subsidiaries which operated manufactured gas facilities.

4. Qualified. However, AGCNJ's corporate records indicate that AGCNJ supervised the budget of BGLC. (UGIII 0316A - UGIII 0334). This is consistent with normal parent/subsidiary relationships under Bestfoods.

1

5. Qualified. A 1940 "Preliminary Report" to the Maine PUC, which was based upon incomplete records, makes this statement. (F00009).

6. Qualified. The 1940 "Preliminary Report" reflects advances from the AGCNJ of $348,641.00 for net additions, improvements and extensions to the property. (F002444)

7. Qualified. UGI admits the 1940 "Preliminary Report" states that "net additions to Production System Property" included subparagraphs a through g.

8. Denied. It is unclear from the referenced document whether improvements were physically constructed by AGCNJ.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Qualified. The referenced citation does not support this statement. Article III of the agreement contains this language but the context is that UGI will study the subject and make recommendations for BGLC to act upon.

B. Facts Material to Indirect Liability

14. Qualified. The referenced documents do not support the factual statement. However, the AGCNJ records do discuss the AGCNJ Executive Committee participation in negotiating coal contracts for the benefit of its subsidiaries. This is consistent with normal parent/subsidiary relationships under Bestfoods.

15. Denied. However, UGI admits that documents UGIII 00294A - UGIII 000296 and UGIII 00297 - UGIII 00298 are a part of a verification of cash accounts conducted by John Heins & Company, public accountants and auditors, in which the auditors listed outstanding checks as small as $3.00.

16. Qualified. The documents referenced include discussions about BGLC business being conducted between dual officers of AGCNJ and BGLC using AGCNJ stationary.

17. Qualified. UGI admits that the three documents referenced (UGIII 0290; UGIII 0294A; UGIII 0297) are documents from 1908 and 1909 by John Heins & Company, public accountants and auditors, addressed to the Board of Directors of the AGCNJ indicating that at the end of the referenced four-month periods, the cash accounts of Bangor were $1,169.80, $1,257.95, and $599.39, respectively in 1908 dollars.

18. Denied. F0008 is part of a "Preliminary Report" prepared for the Maine Public Utilities Commission by L.E. Little in 1940. Little reported that the records show that on November 25, 1901, a stockholder's meeting of the Bangor Gas Light Company voted to authorize the directors of BGLC to transfer 300 bonds of $1,000 each to AGCNJ based upon AGCNJ's proposal to build a 400,000 foot holder and to extend gas mains in Bangor and Brewer.

19. Denied. The referenced document is a 1940 "Preliminary Report" to the Maine PUC and does not reflect a finding by the Maine PUC that "only about $50,000 was ever used for that purpose". Little's report was prepared 39 years after certain transactions which he was trying to review. Little was reviewing old corporate history in connection with a proposal to consolidate the Bangor Gas Light Company with the Penobscot Valley Gas Corporation. He deemed his findings "preliminary" because a significant part of the BGLC financial records were missing or incomplete. Accordingly, he concluded that he could not resolve the discrepancy in the amounts spent for improvements. Little did conclude that $348,641 was spent on additions, improvements and extensions between 1901 and 1927. However, Little stated "I will not attempt to draw any final conclusions until the missing records have been located". (F002435). UGI is not aware of any documents demonstrating that Little ever located the records and finalized his report.

20. Denied. (See answer to 19).

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied.

27. Qualified. While UGI admits Baker has presented his opinion, UGI asserts that the opinion has not been presented in any form that is admissible or sufficient to be considered in a summary judgment proceeding, is wholly conclusory without articulating the facts and documents upon which it is based, and that in any event, it is up to the Court to interpret the corporate records and Baker's opinion is of no value in this case.

Dated: December 22, 2009

Respectfully submitted,

**UGI Utilities, Inc.**

By Its Attorneys,

*s/ Christopher D. Hawkins, Esquire*

E. Tupper Kinder, Esquire
Christopher D. Hawkins, Esquire
(#004047)
NELSON, KINDER, MOSSEAU & SATURLEY, PC
99 Middle Street
Manchester, New Hampshire 03101
(603) 647-1800

s/ Jay N. Varon, Esq.
Foley & Lardner LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007
(202) 672-5300
jvaron@foley.com

## CERTIFICATE OF SERVICE

  I hereby certify that on December 22, 2009 a true copy of the foregoing **UGI Utilities Inc.'s Reply Statement of Material Facts** was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

               _____s/ Christopher D. Hawkins_____
               Christopher D. Hawkins, Esquire