UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRONTIER COMMUNICATIONS | ) | |
| CORPORATION *f/k/a* CITIZENS | ) | |
| COMMUNICATIONS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-00113-GZS |
| | ) | |
| BARRETT PAVING MATERIALS, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

ORDER ON MOTION TO COMPEL DISCOVERY

Presently pending before the Court is, among other things, a motion for summary judgment filed by Defendant United Gas Improvement Company and a corresponding request by Plaintiff Frontier Communications Corporation for deferral of a summary judgment disposition until certain discovery initiatives can run their course. In a telephonic hearing on Frontier's Rule 56(f) request, I ordered the parties to confer concerning the scope of UGI's documentary production and whether any supplemental production and a certification from UGI might suffice in lieu of a Rule 30(b)(6) deposition of a suitable records custodian within UGI. In the event the parties could not reach an agreement, I ordered Frontier to narrow its outstanding discovery requests to those material to the pending summary judgment motion and to file a motion to compel production of the same. The parties have failed to resolve their discovery dispute and Frontier has filed its motion to compel further production and discovery. For reasons that follow, I grant the motion to compel, in part.

**Background**

Frontier requested an opportunity to conduct further discovery in this case because discovery has not been comprehensive, owing to a series of orders designed to control the extent and scope of discovery in this multiparty proceeding and in an antecedent litigation.  In its statement of additional facts filed in opposition to UGI's motion for summary judgment, Frontier offered the following concerning the state of discovery in this case:

> 25.  Frontier has propounded discovery to UGI which UGI has not yet answered.
>
> 26.  Frontier needs discovery from UGI in order to adequately respond to UGI's motion and Statement of Material Facts.
>
> 27.  Frontier has retained an expert in corporate governance, Dr. George Baker, who has reviewed the documents and information available to Frontier concerning UGI's predecessor and its interactions with Bangor Gas Light Company.  Dr. Baker has formed the opinion that UGI's predecessor disregarded the separate corporate identities and exercised extensive control over Bangor Gas Light Company.

In support of these assertions, Frontier cited the affidavit of its counsel and exhibits attached thereto, including copies of interrogatories and requests for production that had not been fully responded to as of December 2009.  Frontier highlighted that it was still waiting to review documents related to a 1901 mortgage of the Gas Works facility; that it wants a chance to review information concerning UGI litigation related to other gas facilities in other jurisdictions;  that it wants a chance to conduct a Rule 30(b)(6) deposition;  and that it wants a chance to let its expert witness on corporate governance review the results of such discovery.  (Aff. of Martha Gaythwaite, Esq., Doc. No. 183-1.)

It is correct, as Frontier asserts, that discovery against UGI has not been exhausted fully due to stays and restraints placed on the scope of discovery in this and the preceding litigation. Those restrictions remained in place until September 23, 2009 (see Doc. No. 165 at 14), and UGI

filed its motion for summary judgment (Doc. No. 172) on November 5, 2009, only a handful of weeks thereafter.  In its summary judgment reply memorandum filed December 22, 2009, UGI acknowledged that it had "discovered some additional documents" that were "inadvertently omitted" from its earlier production.  (Reply Mem. at 2 n.2, Doc. No. 188.)  UGI asserted that these documents were being produced to Frontier and that it would respond to Frontier's discovery requests issued in November 2009, having found some documents that refer to Bangor Gas Light Company or the Gas Works facility, although it maintained that the documents would not be "relevant to the central issues before the Court on summary judgment."  (Id.)

In light of Frontier's depiction of potential discovery and UGI's representation about its ostensible willingness to respond, I held a telephone conference on March 16, 2010, to discuss the matter.  As a consequence of that conference, I granted Frontier leave to file a motion to compel responses to certain pending discovery initiatives and instructed the parties to confer about the same.  As related in the conference with counsel, the parties' dispute focused on minutes of meetings of the Board of Directors of American Gas Company of New Jersey and documents generated in other UGI litigation.  Based on Frontier's desire to conduct a Rule 30(b)(6) deposition of a records custodian within UGI, I also instructed the parties to discuss UGI's offer to certify that its production of documents pertaining to Bangor Gas Light Company and/or the Gas Works is complete.  (Report of Tel. Conf. and Order, Doc. No. 205.)  On March 29, 2010, Frontier filed a motion to compel responses to both categories of documents and to permit a "tailored deposition" related to UGI's document production.  (Mot. to Compel, Doc. No. 207.)

**Discussion**

Frontier argues that inadvertent omissions from UGI's prior document production "justify tailored discovery into UGI's document storage and handling practices."  (Mot. to Compel at 1.) In addition, Frontier argues that UGI should be ordered to produce all documents associated with past litigation related to other gas plants in other jurisdictions "that involved comparable allegations."  (Id.)  In opposition to the motion to compel, UGI argues that "this case must be resolved based on the plain meaning of the historical documents from the companies at issue in this case" because "[t]here are no fact witnesses alive or available to testify about the operations of the Bangor Gas Light Company . . . or the activities of the American Gas Company of New Jersey . . . and UGI during . . . 1901 through 1928."  (Obj. to Mot. to Compel at 1, Doc. No. 214.)

UGI represents that it has produced all of the documents in its possession that related to Bangor Gas Light Company and that its summary judgment motion should be granted because Frontier does not "explain with specific reasons why it is plausible to believe that additional evidence or documents exist and why it cannot respond to the Motion for Summary Judgment without this information."  (Id. at 2.)  UGI says that Frontier is trying to parlay UGI's minimal and insignificant omissions into a fishing expedition.  It explains its omissions and supplemental production as follows:

> In the course of responding to Frontier's Motion in Opposition to Summary Judgment, UGI discovered two documents which included only two pages which mentioned Bangor that had been inadvertently omitted from production in 2003.[footnote omitted]  Out of an abundance of caution, UGI undertook an internal review of its 2003 production through outside counsel.  This review showed that while UGI had identified for production all pages from the American Gas annual reports that specifically referenced BGLC, it had not uniformly produced the portions of such reports that might have supplied the context in which such references to BGLC occurred or consistently produced each page that listed AGCNJ's "tributary" or "affiliate" companies during the years 1908-1925.

4

As a result, UGI produced approximately 100 pages of additional documents in response to Frontier's November 25, 2009 Interrogatories and Requests for Production of Documents, but only two pages mentioned Bangor.  (See Exhibit 1).  Of these 100 pages, 33 had been previously produced in the 2003 production; 58 did not mention Bangor but provided context for documents already produced and two pages (Exhibit 1) mentioned Bangor but had not been produced.  Frontier seized on this additional production as evidence that UGI had not been forthcoming in its production and argued that additional responsive documents must exist.

(Id. at 2-3.)

Meanwhile, UGI's outside counsel prepared a certification to the following effect:

That "all documents known to be in UGI's possession that relate to the Bangor Gas Light Company or its operations during the period 1901 to 1928 have been produced to Plaintiff";

That "employees of UGI or its counsel conducted multiple diligent searches of all historical and other records to the extent possessed by UGI, that could conceivably contain reference to the Bangor Gas Light Company or its operations during the period 1901 to 1928, including documents that were generated by Bangor Gas Light Company, American Gas Company of New Jersey, American Gas Light Company of Pennsylvania and The United Gas Improvement Company;

That those "efforts resulted in the production of documents . . . between March 19, 2003 and September 25, 2003, along with production indices;

That the "indices reflect that the documents produced by UGI included responsive portions of committee and board minutes from The United Gas Improvement Company and American Gas Company;  responsive sale, purchase and operating agreements;  responsive Annual Reports by The United Gas Improvement Company and responsive publications on the corporate history of The United Gas Improvement Company and excerpts from its employee newsletter, the "UGI Circle."

(Certification in Response to Magistrate's Order dated March 17, 2010, at 2-3, Doc. No. 207-3.)

The Certification also relates the circumstances surrounding the recent supplemental production

of approximately 100 documents.  (Id. at 3.)  These documents are described as predominantly

portions of annual or financial reports from the American Gas Company between 1901-1928

setting forth "aggregate financials" regarding American Gas Company's "tributary" or "affiliate"

companies.  (Id.)  The Certification concludes with the statement that "all responsive documents known to be in UGI's possession that relate to the Bangor Gas Light Company or its operations during the period 1901 to 1928" have been produced.  (Id.)

Most recently, UGI found two more documents that evaded its past production, both of which contain "references to the word 'Bangor'."  (Obj. to Mot. to Compel at 3.)  The two documents have been produced in conjunction with this briefing.  Neither is material to the summary judgment contest.

In reply, Frontier claims that UGI's Certification and production are both unduly restrictive and that all UGI has done is given it documents that contain the word "Bangor" without providing relevant documentation that might give context to the documents actually produced or might be relevant to the issue of control and management of the facility. Specifically, Frontier notes that production of board minutes during the relevant time frame should have included complete copies of the minutes themselves, rather than only those pages that contain the word "Bangor."   Frontier argues, hypothetically, but correctly, that if those minutes contain contemporaneous decisions by American Gas about what pollution devices would be installed at subsidiary facilities, then it is discoverable information reasonably calculated to lead to the discovery of relevant evidence.  On the present record there is no way of knowing whether UGI's production involved a search for such information or whether or not it exists.

Based on my review of the parties' respective positions on the Rule 56(f) motion and the motion to compel, I conclude that there is a need for some additional discovery in this case before the Court can judiciously swing the summary judgment axe.  That discovery will be limited, as described below.

This Court recently summarized the standard for delaying disposition of a summary judgment motion based on insufficient opportunity to conduct discovery:

> When an inadequate opportunity for discovery prevents the nonmovant from mounting an opposition, Federal Rule of Civil Procedure 56(f) offers a "safeguard against judges swinging the summary judgment axe too hastily." Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994). Specifically, summary judgment may be denied if "a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). Because district courts "construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter," the First Circuit requires substantial, not perfect, compliance. Resolution Trust Corp., 22 F.3d at 1203. A litigant who invokes Rule 56(f) must make an authoritative and timely proffer showing "(i) good cause for his inability to have discovered or marshaled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion." Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007).

BlueTarp Fin., Inc. v. E. Materials Corp., 592 F. Supp. 2d 188, 189-90 (D. Me. 2009).

### 1. *Mortgage-related documents*

In December of 2009, when the Rule 56(f) issue was first raised, Frontier indicated that it was in the process of reviewing documents related to a 1901 mortgage of the Gas Works facility. There has been no subsequent indication that UGI's production is incomplete in relation to the mortgage documentation and, consequently, the mortgage documentation is not an issue for purposes of the pending discovery dispute.

### 2. *Documents related to other litigation over other subsidiaries and other facilities*

In support of its request to discover documents related to other subsidiaries and other facilities related to other UGI litigation, Frontier asserts that UGI is trying to advance its summary judgment motion based on the fact that it has escaped CERCLA liability under Bestfoods on claims pertaining to other gas facilities in other jurisdictions. (Mot. to Compel at 6-7.) Based on this premise, Frontier states: "If UGI intends to argue for summary judgment

here based on . . . the fact it has 'won' other, 'similar' cases, then information related to those cases is relevant to counter UGI's argument." (Id. at 7.) I reject this argument. A quick review of UGI's four-page Statement of Material Facts (Doc. No. 173) demonstrates that UGI is not relying on facts about any other facility or subsidiary to advance its bid for summary judgment in this case.

Nevertheless, Frontier argues that such discovery is reasonably likely to lead to the production of relevant evidence even if UGI does not rely on any facts pertaining to other subsidiaries or facilities. (Id.) According to Frontier, it "expects that these records will show that American Gas exercised a degree of control over the Bangor facility that was different in scope and degree than the control it exercised over other MGP plants." (Id.) The proposed discovery is not warranted. As Frontier relates, the issues in the summary judgment motion are whether American Gas Company of New Jersey directly operated the Gas Works facility in Bangor or should be treated as an owner of the facility based on some abuse of its parental relationship to Bangor Gas Light Company. If evidence is to be found on these issues, it is going to come from contemporaneous records pertaining to American Gas Company of New Jersey's conduct *in relation* to the Bangor subsidiary and facility, not from records related to other subsidiaries and facilities around the country. For example, even if the Court assumed that Bangor Gas Light Company, by virtue of its smaller size and more limited scope of operations, required more managerial oversight than a larger-scale operation managed by another subsidiary in a major metropolitan area—which may well be a counter-intuitive assumption—the record would still fail to demonstrate that this management and oversight was provided by someone other than a dual officer or officers or that it was not provided pursuant to a legitimate service contract that falls within the norms of parent-subsidiary relations. Frontier's request for

expansive and wide-ranging discovery of documents pertaining to other facilities and other subsidiaries is denied.

### 3. *Document storage and handling practices*

Frontier objects to the idea that UGI should be permitted to certify to the completeness of its document production, characterizing UGI's production methodology as a "black box." (Mot. to Compel at 1.) Frontier agrees with UGI that the relevant documents in this case date back to the 1920s,[1] but it disagrees with the idea that the only relevant documents from this period are documents that explicitly reference Bangor Gas Light Company or its operations. (Id. at 4.) Frontier also expresses a need to understand UGI's document search and retrieval process. (Id.) In addition to disagreeing with the idea that relevant and responsive documents are only those that contain a reference to Bangor Gas Light Company or the City of Bangor, Frontier suspects that UGI's review and search methodologies were flawed because of repeat instances of inadvertent omission of responsive documents. (Id. at 4-5.) Frontier proposes that it be permitted to conduct a "tailored deposition of relevant UGI personnel familiar with decisions made during the production process" so that it can "gain an understanding of . . . whether other relevant documents . . . have been omitted." (Id. at 6.) As an example of relevant documents that have not been produced, according to Frontier, are the pages of minutes of American Gas Company board meetings that do not contain the word "Bangor" or do not provide context for any specific reference to Bangor Gas Light Company and its operations. (Id.)

I am persuaded by Frontier's presentation on this particular discovery issue. It stands to reason that minutes of board meetings may reference subsidiary relations and operations generally and may prove relevant to facility control and the capture or discharge of coal tar

---

[1] Frontier also references documents from the 1930s, but it has not introduced any such document in connection with its filings on UGI's summary judgment motion.

waste.  Currently, even with the certification of UGI's outside counsel, the record fails to reveal the volume of documents being withheld, the search methodology employed by those in charge of UGI's discovery compliance, the nature of the document repository UGI has compiled, and the extent to which it has been indexed and/or rendered into a searchable and accessible format that might obviate the need for further review of this repository to be mediated by outside counsel or other agents of UGI.

## Conclusion

Frontier's motion to compel is granted, in part.  Frontier may notice a 30(b)(6) deposition to UGI to address questions pertaining UGI's repository of American Gas Company of New Jersey documents for the years 1901 through and including 1928, the methodology employed to select those documents produced to date in this litigation or the antecedent litigation, whether the documents are available in an electronic searchable format, and similar questions related to the nature and extent of UGI's repository of American Gas Company of New Jersey documents within the specified time period.  The parties will confer to determine who the deponent(s) will be and where the deposition will take place.  The deadline for the deposition is July 15, 2010. Within 10 days of the completion of the deposition, counsel will arrange for a telephonic conference so I can consider further the issue of UGI's document production in relation to the material issues raised in UGI's summary judgment motion.[2]   That summary judgment motion

---

[2]       UGI's constant reference to the Centerpoint Motion for Summary Judgment (Doc. No. 113) does not provide a valid point of reference.   By an interim scheduling order issued in this case and subsequently amended (See Doc. No. 102) the parties were given a deadline of April 13, 2009, to file early dispositive motions that would not require any discovery.  Frontier's access to the documents pertaining to the Centerpoint motion was never a matter in contention.  UGI chose to ignore the April 13 deadline, produce some documents during discovery, file a motion for summary judgment, and then produce some more documents that were "inadvertently" omitted.  Given this record, it is reasonable for Frontier to have these additional assurances that everything relevant to the inquiry has been produced.  In allowing this motion to compel I have winnowed the wheat from the chaff in determining what is properly discoverable in order to oppose the motion for summary judgment and what is nothing more than a fishing expedition.  UGI should take a hard look at the documents from the time period in question, including the board minutes, and determine whether they contain other information relevant to the operation of subsidiary

has been fully briefed since December 22, 2010 (with a surreply filed by Frontier on January 12, 2010, Doc. No. 196).   Unless this deposition coupled with the additional documents produced after Frontier filed its response demonstrate the existence of additional *relevant* documents pertaining to the <u>Bestfoods</u> issues raised by the motion, my recommended decision will issue based upon the current pleadings.  If Frontier persuades me that it has unearthed relevant documents that should have been included in its response to the motion, it will be given leave to supplement the summary judgment record and a new briefing schedule will be established.

<u>CERTIFICATE</u>

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

***So Ordered.***

May 7, 2010                              /s/ Margaret J. Kravchuk
                                         U.S. Magistrate Judge

---

facilities, and specifically relating to pollution or waste discharge or coal tar dispersal, even if the word Bangor is not specifically mentioned and produce any such documents prior to the deposition, including relevant portions of minutes that may have been excluded from production.