UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRONTIER COMMUNICATIONS CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:07-cv-00113-GZS |
| BARRETT PAVING MATERIALS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF FRONTIER COMMUNICATION'S STATUS REPORT ON DISCOVERY AND SUMMARY JUDGMENT DISPUTE WITH DEFENDANT UGI, INC.

On July 13, 2010, this Court ordered Defendant UGI Utilities, Inc. ("UGI") to make available for Plaintiff Frontier Communication's ("Frontier") inspection three categories of documents pertaining to the parties' ongoing discovery dispute and UGI's pending summary judgment motion: "1. All minutes of meetings of the Board of Directors of American Gas Co. in UGI's possession; 2. All documents in UGI's possession concerning UGI Circle articles; 3. All UGI's correspondence with shareholders." Docket No. 235 at 1. UGI has provided approximately 6,000 pages of documents, many of which have not been previously produced by UGI. These documents further demonstrate UGI's direct and indirect liability under CERCLA § 107(a) and the Supreme Court's decision in *United States v. Bestfoods*, 524 U.S. 51 (1998). Pursuant to this July 13 Order, Frontier hereby notifies the Court that it intends to supplement its filings in opposition to UGI's motion for summary judgment.

Frontier has reviewed the 6,000 pages of documents provided by UGI and believes that the information contained therein further demonstrates that UGI's predecessor, American Gas Company of New Jersey ("AGC"), directly controlled the operations of the Bangor Gas Works facility and that AGC did not maintain Bangor Gas as a separate corporate entity. Frontier

1

accordingly intends to supplement its opposition to UGI's motion for summary judgment with these additional materials.

The completion of Frontier's review of these documents has been delayed by the manner in which UGI provided the documents, and the parties are currently negotiating a method and schedule for Frontier's submissions. First, UGI organized these 6,000 pages according to a Bates numbering system that does not correspond to the numbering of the previously produced materials. Thus, cross-referencing the new materials to earlier documents has been a time-consuming task that is still ongoing.

Second, UGI provided these materials on condition that Frontier not make any copies. This has prevented Frontier from showing the documents to the expert witness, Dr. George Baker, it has retained to testify about AGC's relationship with Bangor Gas. Frontier also intends to supplement its opposition to UGI's motion for summary judgment with Dr. Baker's report regarding the new documents.

Frontier has contacted UGI's counsel to arrange a method of making copies and a schedule for Frontier's submission of these documents, and Frontier is hopeful that these arrangements can be made without the need of this Court's intervention. However, if the parties cannot agree on a method and a schedule, the parties may require the Court's assistance.[1]

---

[1] Although Frontier believes the new documents are sufficient to defeat UGI's motion for summary judgment, Frontier also notes that the documents further illustrate that discovery remains incomplete and it has never had an opportunity to discover the full range of relevant information UGI might have in its possession. Completing the review of the new documents with the aid of Dr. Baker's opinion will enable Frontier to specify what additional categories of information exist. Frontier therefore believes that additional discovery, possibly in the form of a Rule 30(b)(6) custodial deposition and production requests, may be necessary after it has completed cross-referencing these documents with those previously produced by UGI and has had the opportunity to obtain an opinion from its expert regarding the new materials. If, after completing the review, Frontier discovers additional types of information for which discovery is needed, Frontier will notify the Court when it makes its submissions in opposition to UGI's summary judgment motion.

Respectfully submitted,

Dated: August 9, 2010 /s/ Martha C. Gaythwaite
Martha C. Gaythwaite
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center
P.O. Box 4726
Portland, ME 04112-4726
(207) 761-0900

Of Counsel:

John S. Hahn
Rhett P. Martin
MAYER BROWN LLP
1909 K Street, NW
Washington, DC 20006-1101
(202) 263-3000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below, copies of the following document(s):

**PLAINTIFF FRONTIER COMMUNICATIONS CORPORATION'S
STATUS REPORT ON DISCOVERY AND SUMMARY JUDGMENT DISPUTE WITH
DEFENDANT UGI, INC.**

was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the attorney/parties of record who have registered as CM/ECF participants.

Dated: August 9, 2010

Respectfully submitted,

/s/ Martha C. Gaythwaite
Martha C. Gaythwaite
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center
P.O. Box 4726
Portland, ME 04112-4726
(207) 761-0900